

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*          *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*                    *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*              *Washington, D.C. 20044*

BAS:JMR:CAC:NEBringer
DJ# 5-72-10117
CMN 2021100119                      June 2, 2026

*Filed by CM/ECF*
Hon. Kelly L. Stephens
Clerk, U.S. Court of Appeals
   for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re:   *FedEx Corp. and Subsidiaries v. United States*
>              (6th Cir. No. 25-5694)

Dear Ms. Stephens:

We respond to FedEx's submission regarding *Montgomery v. Caribe Transport II, LLC*, 2026 WL 1336188 (May 14, 2026). FedEx appears to have cited *Montgomery* because the Supreme Court's analysis rested on statutory text. That is not a novel concept. *E.g.*, *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 94-96 (1820) (Marshall, C.J.). And the Government's arguments here are rooted in statutory text.

*Montgomery*, moreover, is not "pertinent" under Fed. R. App. P. 28(j). *Montgomery* concerned whether a federal statute preempted a negligent hiring claim against a trucking-services broker. *Montgomery* did not involve any federal regulation, delegation of regulatory authority, federal taxes, tax statutes, tax credits, or statutes allowing tax credits (which must be strictly construed).

FedEx repeats its refrain that the disallowance rule purportedly rewrites some statute, but continues to ignore the statutory text that the rule carries out. Right there in I.R.C. § 965(o), Congress commanded Treasury to promulgate regulations to "prevent the avoidance" of section 965's "purposes." The disallowance rule does just that. (Br.40-47; Reply.9-11.) Section 965(g) allows FTCs only to the extent necessary to mitigate double taxation. But for

U.S.-tax-free Offset Earnings, there is no double taxation to mitigate. Allowing FTCs for Offset Earnings Foreign Taxes would avoid section 965(g)'s purposes, and even at this very late stage, FedEx still fails to identify *any* purpose for section 965(g) that would *not* be avoided by allowing the FTCs it demands.

Statutory text is front-and-center in our defense of the disallowance rule. And the text of the complex statutes governing FTCs does not clearly allow FTCs for Offset Earnings Foreign Taxes. (Br.48-66; Reply.16-34.)

But this Court also could reverse for the simple reason that, if section 965(b)(4)(A) does *not* apply to section 960—as the District Court and FedEx mistakenly insist—FedEx cannot meet the first requirement for FTCs under section 960(a)(3). (Br.49-52.) FedEx forfeited any response to that argument (Reply.22), yet the closing sentences of its 28(j) letter make clear that FedEx remains committed to its mistaken losing position.

FedEx's letter thus accomplishes at least one thing: It makes it even easier for this Court to reverse.

Sincerely,

s/ Norah E. Bringer
NORAH E. BRINGER
Attorney for the Commissioner