

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*
*Facsimile No. (202) 514-8456*
*Appellate.Taxcivil@usdoj.gov*

*Please reply to: Appellate Section*
*P.O. Box 502*
*Washington, D.C. 20044*

BAS:JMR:CAC:NEBringer
DJ# 5-72-10117
CMN 2021100119                         July 2, 2026

*Filed by CM/ECF*
Hon. Kelly L. Stephens
Clerk, U.S. Court of Appeals
   for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re:   *FedEx Corp. and Subsidiaries v. United States*
> (6th Cir. No. 25-5694)

Dear Ms. Stephens:

We respond to FedEx's submission regarding *Flight Options, LLC v. United States*, 177 F.4th 709 (6th Cir. 2026).

"Two taxpayer canons cement[ed the] conclusion" in *Flight Options* that certain tax-imposing statutes did not reach "fixed fees." *Id.* at 717. The first was a "general canon," *id.*, concerning "the interpretation of statutes levying taxes," as stated in the same sentence of *Gould v. Gould*, 245 U.S. 151, 153 (1917), quoted *in Flight Options*, 177 F.4th at 717. (*See* Reply.32-34.) The second canon was "a specific one" regarding third-party liability for withholding taxes. *Id.*

Neither canon is relevant here because *this* case concerns statutes allowing tax credits, which are subject to a different canon requiring strict construction in favor of the Government. *See, e.g.*, *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *McGowan v. United States*, 143 F.4th 686, 701-02 (6th Cir. 2025) (quoting and relying on *INDOPCO*). (Br.65-66 & n.10, Reply.31-34.)

The best reading of the complex and integrated statutory scheme governing the foreign tax credits (FTCs) at issue is that Congress did not

allow FTCs for Offset Earnings Foreign Taxes. (Br.48-65; Reply.16-31.) The only "unseen" corners here, *Flight Options*, 177 F.4th at 712, are in FedEx's position that Congress—*sub silentio* and contrary to FTCs' broad and settled purpose of mitigating double taxation—somehow allowed FTCs related to U.S.-tax-free Offset Earnings.

Treasury promulgated the disallowance rule, moreover, to obey Congress's explicit statutory command in section 965(o) to "prevent the avoidance of" section 965's "purposes." Specifically, the rule protects section 965(g)'s purpose of limiting FTCs in this context to those necessary to mitigate double taxation. (Br.34-47; Reply.6-16.) With no U.S. taxes and no double taxation, no FTCs are necessary for Offset Earnings Foreign Taxes.

This Court also could reverse simply because, if section 965(b)(4)(A) does *not* apply to section 960—as the District Court concluded and FedEx again insists in its *Flight Options* letter—FedEx cannot meet the first requirement for FTCs under section 960(a)(3). (Br.49-52.) FedEx forfeited any response to this straightforward argument (Reply.22), leaving the path clear to the low-hanging fruit of a (still)-uncontested ground for reversal.

Sincerely,

s/ Norah E. Bringer
NORAH E. BRINGER
Attorney for the United States