

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.(202) 514-3361*          *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*                    *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*                    *Washington, D.C. 20044*

BAS:JMR:CAC:NEBringer
DJ# 5-72-10117
CMN 2021100119                              July 2, 2026

*Filed by CM/ECF*
Hon. Kelly L. Stephens
Clerk, U.S. Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

     Re:   *FedEx Corp. and Subsidiaries v. United States*
          (6th Cir. No. 25-5694)

Dear Ms. Stephens:

    We respond to FedEx's submission regarding a Tax Court opinion, *Varian Medical Systems, Inc. v. Commissioner*, 166 T.C. No. 8 (2026).

    FedEx highlights *Varian*'s observation that Offset Earnings are excluded from income and the transition tax in section 965(a). *See id.* at 24. But the Government has never contended otherwise. (Br.19-20.) FedEx incorrectly conflates (1) the *real-world fact* that Offset Earnings are *never* included in gross income with (2) the statutorily created *fictional treatment* of Offset Earnings distributions as though they *already were* included in gross income. *See* I.R.C. § 965(b)(4)(A).

    Although Offset Earnings are never *actually* included in gross income (or taxed), section 965(b)(4)(A) *treats* Offset Earnings, when distributed, "as previously taxed income," *i.e.*, "as an amount which was included in [gross income] under section 951(a)." This fictional treatment is how Offset Earnings *distributions*, which would otherwise be taxable income, are excluded from income—and tax-free. (Br.20-22.)

    But that same fictional treatment also knocks out FedEx's claims for FTCs, under the sixty-year-old rules in subpart F that Congress enlisted to

carry out section 965.  (Br.18.)  Subpart F generally (1) *allows* FTCs when income is *included* and (2) does *not* allow FTCs when income is *excluded*. (Br.13-15; Reply.18-19.)

Under subpart F, *treating* Offset Earnings, upon distribution, as though they previously were included in income under section 951(a) (even though they were not) also means *treating* them as though FTCs were already allowed under section 960(a)(1) (even though they were not).  (Br.20-22, 52-56; Reply.19-21.)  And that means that FTCs are *not* available for Offset Earnings distributions under section 960(a)(3), as FedEx claims.  (*Id.*)

*Varian* also supports the Government's position that the disallowance rule is within the delegated authority in section 965(o).  (Br.35-47; Reply.6-11.)  *Varian* explains that, given the transition tax's reduced rates, it would have been disproportionate to allow full FTCs, and section 965(g) exists "[t]o avoid this result."  166 T.C. No. 8 at 26-27.  Since it would be even more disproportionate to allow full FTCs related to Offset Earnings, which have a tax rate of zero, disallowing such FTCs prevents the avoidance of section 965(g)'s purpose, as section 965(o) mandates.

Sincerely,

s/ Norah E. Bringer
NORAH E. BRINGER
Attorney for the United States